**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDRE KING
    Petitioner
v.                                                       CASE NO.  8:12-CR-0025-T-24 AAS
                                                                                8:16-CV-1800-T-24AAS

UNITED STATES OF AMERICA
    Defendant
_____/

**O R D E R**

Pending before the Court is the Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2255.  Because Petitioner's motion is a successive motion to vacate which was filed directly with this Court, and the Eleventh Circuit Court of Appeals has denied Petitioner's application to file a second or successive motion to vacate, this Court lacks jurisdiction to consider the motion.  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); accord United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris); see also Harris v. United States, ___ F.App'x ___, 2016 WL 3538824, at *1 (11th Cir. June 29, 2016) (unpublished) (stating that "the district court was required to dismiss [the petitioner's] motion *sua sponte* because, '[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive [motion]'" (quoting Holt)).[1]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that the Motion to Vacate (Civ. Dkt. 1; Cr. Dkt. 64) is **denied**.  The Clerk is directed to enter judgment for the Defendant in the civil case and to **CLOSE** the civil case.

---

[1] On January 24, 2014, the Court denied the Petitioner's initial motion to vacate.  See case number 8:13-cv-02129-T-24 EAJ, Dkt. 10.

Additionally, the Court declines to issue a certificate of appealability because the Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

**DONE AND ORDERED** at Tampa, Florida, on July 12, 2016.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
Any *pro se* parties